**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

No objections to this Report and Recommendation ("R&R")
have been received.  Accordingly, I review it for clear error,
and find no error, clear or otherwise.  I therefore adopt the
R&R as the decision of the Court.  As the Petition makes no
substantial showing of a denial of a constitutional right, a
certificate of appealability will not issue.  28 U.S.C. § 2253.
The Clerk of Court is respectfully directed to close the case.

---------------------------------------------------------------

**JUAN MIZHIRUMBAY GUAMAN,**

        **Petitioner,**

    *- against -*

**SUPERINTENDENT STEVEN RACETTE,**

        **Respondent.**

---------------------------------------------------------------

)
)
)
)
)
)
)
)
)
)
)
)

**14CV5160 (CS)(LMS)**

**REPORT AND**
**RECOMMENDATION**

SO ORDERED.

*Cathy Seibel*

CATHY SEIBEL, U.S.D.J.

**TO:   THE HONORABLE CATHY SEIBEL,**
**UNITED STATES DISTRICT JUDGE**

Pro Se Petitioner Juan Mizhirumbay-Guaman ("Petitioner") seeks a writ of habeas corpus   3/3/16

pursuant to 28 U.S.C. § 2254, to challenge his November 15, 2011, conviction entered in

Rockland County Court (Nelson, J.).  Petitioner was convicted, upon his plea of guilty, of one

count of rape in the first degree and sentenced to a determinate term of twelve years

imprisonment and ten years of post-release supervision.  See Docket # 1, Petition for Writ of

Habeas Corpus ("Petition"), at 1[1]; Resp't's State Ct. R. ("SR_") (Docket # 10) at SR_027,

SR_029-030 (Sentencing Transcript).

    Following his conviction, Petitioner, through counsel, filed a direct appeal to the New

York State Appellate Division, Second Department, arguing that his sentence was excessive and

that the Appellate Division should reduce or modify it in the interest of justice.  See SR_046-

047.  On August 28, 2013, the Appellate Division unanimously affirmed the conviction.  People

v. Mizhirumbay-Guaman, 109 A.D.3d 668 (2d Dep't 2013); SR_064.  The New York Court of

---

[1]The Petition incorrectly states "20 years post-release supervision."  Petition at 1.

Appeals denied Petitioner leave to appeal on December 13, 2013. <u>People v. Mizhirumbay-Guaman</u>, 22 N.Y.3d 1042 (2013); SR_067. Subsequently, the United States Supreme Court denied Petitioner's petition for a writ of certiorari on May 5, 2014. <u>Mizhirumbay-Guaman v. New York</u>, 134 S. Ct. 2138 (2014).

On June 28, 2014, Petitioner timely filed the instant Petition. The Petition sets forth one ground for habeas relief: that Petitioner's sentence is excessive and should be reduced in the interest of justice. Petition at 4-11.

For the reasons set forth below, I conclude, and respectfully recommend that Your Honor should conclude, that the instant Petition should be dismissed in its entirety.

## BACKGROUND

On September 7, 2011, Petitioner appeared in County Court with counsel for plea proceedings. SR_004-023 (Plea Transcript). During the plea proceedings, Petitioner admitted that he had sex with a seven-year-old girl, and he pled guilty to rape in the first degree. SR_008-009, 018. Petitioner confirmed that he had had enough time to discuss with counsel his decision to plead guilty, and that he was satisfied with his attorney's representation. SR_012. Petitioner confirmed that he understood his guilty plea would result in his deportation. SR_011. Petitioner stated that he understood the rights he waived by pleading guilty, including, among others, the right to a jury trial and a unanimous jury verdict; the right to suppress any statements made by him or any evidence that may have been seized from his person; the right to confront witnesses against him; the right to call witnesses to testify on his behalf; and the right to remain silent. SR_012-015.

The judge reviewed the waiver of right to appeal that Petitioner and his counsel had signed. SR_015-016. Petitioner confirmed that he understood what it meant to waive his right

2

to appeal; that he had had enough time to discuss with counsel his decision to sign the waiver of right to appeal; and that he wished to waive this right. SR_016-017. The judge approved the waiver of right to appeal. SR_017.[2] The judge also confirmed that Petitioner was entering his plea voluntarily and of his own free will, and that he was pleading guilty because he was guilty of the offense. SR_017-018. In return for his guilty plea, Petitioner was promised, and the judge informed Petitioner that he intended to impose, a determinate sentence of twelve years imprisonment and ten years of post-release supervision. SR_018-020. The judge accepted Petitioner's guilty plea. SR_021, 023.

On November 15, 2011, Petitioner once again appeared in County Court with counsel, at which time the judge sentenced him to the agreed-upon sentence of a determinate prison term of twelve years and ten years of post-release supervision. SR_030.

## DISCUSSION

### I. Standard of Review

"Habeas review is an extraordinary remedy." Bousley v. United States, 523 U.S. 614, 621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)). To be granted a writ of habeas

---

[2]The waiver of right to appeal, signed by Petitioner, his counsel, and the judge, states that Petitioner, "IN CONSIDERATION OF AND AS A PART OF THE PLEA AGREEMENT BEING ENTERED INTO, HEREBY WAIVES ANY AND ALL RIGHTS TO APPEAL FROM THE JUDGMENT OF CONVICTION HEREIN, INCLUDING, BUT NOT LIMITED TO: . . . ANY AND ALL CLAIMS REGARDING THE EXCESSIVENESS OF THE SENTENCE . . ." SR_003. In addition, the form states,

I VOLUNTARILY AND KNOWINGLY WAIVE MY RIGHTS TO APPEAL AFTER BEING FULLY APPRISED OF MY APPELLATE RIGHTS BY THE COURT AND BY MY ATTORNEY HOLLIS GRIFFIN, ESQ. WHO IS PRESENT WITH ME IN COURT. I HAVE HAD A FULL OPPORTUNITY TO DISCUSS THESE MATTERS WITH MY ATTORNEY AND ANY QUESTIONS I MAY HAVE HAD HAVE BEEN ANSWERED TO MY SATISFACTION.

Id.

corpus from a federal district court, a petitioner must fully and carefully comply with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under the AEDPA, all state remedies must be exhausted before a federal court may consider a state prisoner's petition for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A); see also Picard v. Connor, 404 U.S. 270, 275 (1971). In the interests of comity and expeditious federal review, "[s]tates should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." See Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also Daye v. Attorney Gen. of the State of New York, 696 F.2d 186, 190-91 (2d Cir. 1982). The exhaustion requirement of the federal habeas corpus statute is set forth in 28 U.S.C. § 2254(b)(1), (c):

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

The Second Circuit has adopted a two-stage inquiry to determine whether the exhaustion doctrine has been satisfied. See Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981). First, the petitioner must have "fairly presented" his or her federal constitutional claim to the appropriate

4

state courts. Picard, 404 U.S. at 275-76. "A claim has been 'fairly presented' if the state courts are apprised of 'both the factual and the legal premises of the claim [the petitioner] asserts in federal court.' " Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997) (quoting Daye, 696 F.2d at 191). In other words, the claim must have been presented in a way that is "likely to alert the court to [its] federal nature." Daye, 696 F.2d at 192. The fair presentation requirement is satisfied if the state court brief contains phrases, such as "under the Due Process Clause" or "under the Constitution," that point to the petitioner's reliance on the United States Constitution as his or her legal basis for relief. Klein, 667 F.2d at 282 (internal citations omitted). A claim may be considered "fairly presented" even if the federal grounds were not explicitly asserted before the state courts if the petitioner, in asserting his or her claim before the state court, did one of the following: (1) relied on pertinent federal cases that employ constitutional analysis, (2) relied on pertinent state cases that apply constitutional analysis in like fact situations, (3) asserted his or her claim in terms so particular as to call to mind specific constitutionally-protected rights; or (4) alleged a fact pattern that falls within the mainstream of constitutional litigation. See Daye, 696 F.2d at 194; Irving v. Reid, 624 F. Supp. 787, 789 (S.D.N.Y. 1985).

Second, having fairly presented his or her federal constitutional claim to the appropriate state court and having been denied relief, the petitioner must appeal his or her conviction to the highest state court. Klein, 667 F.2d at 282. Where a petitioner fails to present his or her federal constitutional claim to the highest state court, the claim cannot be considered exhausted. Id. (citing Williams v. Greco, 442 F. Supp. 831, 833 (S.D.N.Y. 1977)). There is, however, another avenue available for exhaustion purposes. A petitioner who has failed to exhaust state remedies by pursuing a direct appeal may satisfy the exhaustion requirement by utilizing available state methods for collaterally attacking his or her state conviction. See id.; see also Johnson v. Metz,

5

609 F.2d 1052, 1055-56 (2d Cir. 1979) (instructing habeas petitioner who did not fairly present claim in the course of his direct appeals in New York state courts to proceed by filing a motion to vacate judgment pursuant to N.Y. Crim. Proc. Law § 440.10). If collateral relief is denied, the petitioner may satisfy the exhaustion requirement by employing the state appellate procedures available for review of such denial. Klein, 667 F.2d at 282-83.

Additionally, a habeas petitioner may be procedurally barred from presenting certain claims in a habeas petition filed in federal court if those claims were not considered on their merits by the state court due to a procedural failure by petitioner. "In all cases in which a state prisoner has defaulted his [or her] federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Generally, a state prisoner has one year from the date his or her conviction becomes final to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). This limitations period ordinarily begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled while ". . . a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). The limitations period may also be equitably tolled if a petitioner can show that "extraordinary circumstances prevented him [or her] from filing his [or her] petition on time." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). After a petitioner has met these threshold requirements, a federal district court generally may hear "an application for a writ of

6

habeas corpus on behalf of a person in custody pursuant to the judgment of a state court" only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

When a state court has decided a claim on the merits, the federal court must apply AEDPA's deferential standard of review.  See Torres v. Berbary, 340 F.3d 63, 68 (2d Cir. 2003). Under AEDPA, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent "if 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.' " Torres, 340 F.3d at 68 (quoting Williams v. Taylor, 529 U.S. 362, 412-13 (2000)).

"[A]n unreasonable application of clearly established Supreme Court precedent occurs when a state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Torres, 340 F.3d at 68 (internal quotation marks and citation omitted).  While "it is clear that the question is whether the state court's application of clearly established federal law was objectively unreasonable, the precise method for distinguishing objectively unreasonable decisions from

7

merely erroneous ones is less clear.  However, it is well-established in [the Second Circuit] that the objectively unreasonable standard of § 2254(d)(1) means that petitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief." Id. at 68-69 (internal quotation marks and citations omitted).

Under the second prong of § 2254(d), the factual findings of state courts are presumed to be correct.  Nelson v. Walker, 121 F.3d 828, 833 (2d Cir. 1997).  The petitioner must rebut this presumption by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

## II.  Petitioner's Claim for Habeas Relief

Petitioner's sole claim for habeas relief is that his sentence is excessive.  On direct appeal, he had requested that the Appellate Division "modify or reduce his sentence in the interests of justice."  Petition at 2; see SR_046-047.  In its Decision & Order, the Appellate Division held:

> Although the Rockland County pre-printed form waiver of the right to appeal signed by the defendant contained erroneous statements with regard to the waiver of the right to appeal, the defendant's waiver of his right to appeal was valid.  Thus, review of the defendant's contention that the sentence imposed was excessive is precluded.

People v. Mizhirumbay-Guaman, 109 A.D.3d 668, 668-69 (2d Dep't 2013) (citations omitted); SR_064.

Respondent argues that Petitioner is not entitled to habeas relief on two grounds.  First, Respondent argues that Petitioner's claim is procedurally barred because (i) it is unexhausted and procedurally defaulted since Petitioner failed to raise it as a federal constitutional claim on direct appeal, and (ii) the Appellate Division found that Petitioner had waived his right to appeal his sentence at the time he pled guilty.  See Mem. of Law in Opp'n (Docket # 9) at 2-3.  Second, Respondent argues that Petitioner's claim is not cognizable on habeas review since his sentence

8

falls within the statutory range.  Id. at 3.

A.      **Petitioner's Claim is Procedurally Barred**

1.      **Petitioner's Claim is Unexhausted and Procedurally Defaulted**

Petitioner's excessive sentence claim is procedurally barred because it is unexhausted and procedurally defaulted since he only raised the claim in state court under state law.  Petitioner argued on direct appeal that his sentence should be reduced or modified in the interest of justice, but failed to identify a single federal law, case, or constitutional provision in support of this claim.  See SR_046-047.  Rather, Petitioner presented this claim in terms of state law, seeking to have the Appellate Division reduce his sentence in the interest of justice under N.Y. Crim. Proc. Law § 470.15(6)(b).  Id.  Thus, this claim is unexhausted, as it was not "fairly presented" to the state courts on direct appeal.  See Edwards v. Marshall, 589 F. Supp. 2d 276, 290 (S.D.N.Y. 2008) ("This Court and other courts in this district have found that a prisoner's reliance on a state procedural law granting courts discretionary authority to reduce sentences does not 'fairly present' a federal constitutional claim in state court.") (citing cases); see also Rodriguez v. Lee, No. 10 Civ. 3451 (RMB)(JCF), 2011 WL 1362116, at *7 (S.D.N.Y. Feb. 22, 2011) ("Although New York's Appellate Division has discretion to reduce a sentence in the interest of justice . . ., a federal habeas court considering a state-court conviction has no such power, and a claim that a sentence should be reduced in the interest of justice does not allege a violation of a federally protected right.") (citation omitted),[3] adopted by 2011 WL 1344599 (S.D.N.Y. Apr. 8, 2011).

Moreover, since Petitioner's claim is record-based and could have been raised on direct appeal, it can no longer be raised on collateral review.  See N.Y. Crim. Proc. Law § 440.10(2)(c)

_____

[3]In the spirit of Local Civil Rule 7.1(c), a copy of the unpublished opinions cited herein are included with the copy of this Order being sent to Petitioner.

("[T]he court must deny a motion to vacate a judgment when . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure . . . to raise such ground or issue upon an appeal actually perfected by him [or her.]"). Therefore, the claim may be deemed exhausted, but it is procedurally defaulted. See Rodriguez, 2011 WL 1362116, at *7; see also Wright v. Lee, No. 13 Civ. 5492 (PGG)(SN), 2015 WL 4391575, at *8-9 (S.D.N.Y. July 15, 2015) (finding that excessive sentence claim raised only in state law terms was unexhausted and procedurally defaulted). The procedural default may only be excused if Petitioner can demonstrate cause for the default and prejudice stemming therefrom, or actual innocence, neither of which Petitioner has done. Id.; see Section II.A.2., infra.

Thus, Petitioner's claim that his sentence is excessive is procedurally barred from habeas review and should be dismissed.

2.    **Petitioner's Claim is Procedurally Defaulted Since It was Denied on an Adequate and Independent State Ground**

Petitioner's excessive sentence claim is procedurally barred for the additional reason that the Appellate Division relied on a state procedural rule in denying the claim on direct appeal. Specifically, the Appellate Division found Petitioner's waiver of his right to appeal valid, thus precluding appellate review of his claim. See Mizhirumbay-Guaman, 109 A.D.3d at 669 (citing People v. Bradshaw, 18 N.Y.3d 257 (2011); People v. Lopez, 6 N.Y.3d 248, 255 (2006)). "Courts in this circuit have consistently held that a petitioner's waiver of the right to appeal is an adequate and independent state ground for denying habeas corpus relief." Alvarez v. Yelich, 09-CV-01343 (SJF), 2012 WL 2952412, at *5 (E.D.N.Y. July 17, 2012) (collecting cases); see also

Burvick v. Brown, No. 10-CV-5597 (JFB), 2013 WL 3441176, at *6 (E.D.N.Y. July 9, 2013) ("Federal courts have held that New York law allowing defendants to waive their right to appeal as part of a plea agreement, as long as the waiver is made voluntarily and is knowing and intelligent, is an adequate and independent state ground that bars habeas review, and this Court agrees with those decisions.") (citing cases). Petitioner does not contend that his waiver of the right to appeal was anything but voluntary, knowing, and intelligent, and the record demonstrates that it was. See SR_003 (signed waiver of right to appeal); SR_015-017 (plea proceeding).

Thus, Petitioner's claim is procedurally barred and is reviewable only if Petitioner can demonstrate cause for the default and prejudice resulting therefrom, or show that he is actually innocent of the crime for which he was convicted. Burvick, 2013 WL 3441176, at *6 (citing Coleman v. Thompson, 501 U.S. 722, 748-51 (1991); Murray v. Carrier, 477 U.S. 478, 496 (1986)). In this case, Petitioner can do neither. Petitioner does not claim that he is actually innocent, and indeed, during the plea proceeding, Petitioner admitted his guilt. See SR_008-009, SR_018. Moreover, Petitioner cannot demonstrate cause for the default since, as noted above, the record shows that his waiver of the right to appeal was knowing and voluntary. See Alvarez, 2012 WL 2952412, at *5 ("Since petitioner's waivers of his right to appeal were knowing and voluntary, he has not demonstrated cause for the procedural default . . . .").

Accordingly, Petitioner's claim should be dismissed as procedurally barred for this reason as well.

11

**B.**   <u>Petitioner's Claim is not Cognizable on Habeas Review</u>

Even if Petitioner's excessive sentence claim is not procedurally barred, the claim should still be dismissed because it is not cognizable on habeas review.  "An excessive sentence claim does not provide a basis for habeas relief, because '[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.' "  <u>Santos v. Rock</u>, No. 10 Civ. 2896, 2011 WL 3449595, at *9 (S.D.N.Y. Aug. 5, 2011) (quoting <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992) (alteration in original)), <u>adopted</u> <u>by</u> 2011 WL 4000896 (S.D.N.Y. Sept. 7, 2011); <u>see</u> <u>Thomas v. Senkowski</u>, 968 F. Supp. 953, 956 (S.D.N.Y. 1997) ("It is well established that, when a sentence falls within the range prescribed by state law, the length of the sentence may not be raised as grounds for federal habeas relief.").

The County Court sentenced Petitioner to a determinate term of twelve years imprisonment and ten years of post-release supervision for one count of first degree rape.  First degree rape is a class B violent felony.  N.Y. Penal Law §§ 70.02(1)(a), 130.35.  Thus, under New York law the County Court could have imposed a minimum term of five years and a maximum term of twenty-five years imprisonment, and a minimum period of five years and a maximum period of twenty years of post-release supervision.  N.Y. Penal Law §§ 70.02(2)(a), 70.02(3)(a), 70.45(2-a)(c).  Since Petitioner's sentence is within the statutory limit, his claim that the sentence is excessive is not cognizable on federal habeas review and should be dismissed.

12

## CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the Petition should be dismissed in its entirety.  As the Petition presents no questions of substance for review, I conclude, and respectfully recommend, that a certificate of probable cause should not issue.  Rodriguez v. Scully, 905 F.2d 24 (2d Cir. 1990) (per curiam); Alexander v. Harris, 595 F.2d 87, 90-91 (2d Cir. 1979).  I further conclude, and respectfully recommend, that the Court should certify pursuant to 28 U.S.C. § 1915(a) that an appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438 (1962).

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Cathy Seibel, at the United States District Court, Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.

Dated: February 5, 2016
      White Plains, NY

                                    Respectfully submitted,

                                      Lisa Margaret Smith
                                      United States Magistrate Judge
                                      Southern District of New York


A copy of the foregoing Report and Recommendation has been mailed to Pro Se Petitioner

14